UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

**IN RE: DONALD B. SCHLEY**             Case No. 09-34182-DOT
       **CAROL A. SCHLEY**
        Chapter 11 Debtors-In-Possession

## MEMORANDUM OPINION AND ORDER

Hearing was held April 25, 2012, on the motion of Hirschler Fleischer, P.C., for authorization to withdraw as counsel for the debtors. Attorney Sheila de la Cruz of Hirshler Fleischer, P.C., appeared in support of the motion, and debtor Donald B. Schley appeared to object to the motion. At the conclusion of the hearing, the court deferred ruling.

For reasons stated in this order, the court will deny counsel's motion to withdraw.

### Background.

This chapter 11 case was filed on July 1, 2009. Since the filing, debtors have operated as debtors in possession and have been primarily represented by Sheila de la Cruz, attorney of Hirschler Fleischer. The law firm's motion to withdraw briefly relates the complexity of the case, which concerns, among other interests of debtors, 145 acres of real property located in Spotsylvania County, Virginia.

On February 2, 2012, the court entered an order on mediation providing that debtors have until May 30, 2012, either to sell the real property or with court approval pay the claims of creditors secured by the property. Otherwise, the

automatic stay will be terminated as to the secured creditors.[1] At hearing on the present motion Mr. Schley stated that he remains hopeful of finding a purchaser for the property.

Hirschler Fleischer's motion states that there has been a "breakdown in the attorney-client relationship" that precludes it from continuing to effectively represent debtors in the case. Elsewhere the motion states that "debtors have not substantially fulfilled their obligations" to Hirschler Fleischer. Prior to the hearing on April 25, the debtors and their counsel sent letters to the court that provided additional information concerning the problems between them. The court has treated these letters as confidential.

Hirschler Fleischer's letter, written by Ms. de la Cruz, provides several illustrations in support of the assertion that the relationship between the parties has "broken down." The letter of Mr. and Mrs. Schley downplays the seriousness of counsel's assertions and argues that the withdrawal motion is all about unpaid fees.[2] Mr. Schley argued the same at hearing on April 25.

<u>Discussion and Conclusions.</u>

---

[1] Unrelated to the mediation, a consent order entered into between debtors and JPMorgan Chase Bank, National Association, requires debtors to file a plan no later than July 30, 2012, or stay relief will be granted as to JPMorgan Chase Bank, which is secured by a mortgage on the real property located at 2254 Karen Terrace, Fredericksburg, Virginia. Dkt. 249.

[2] ". . . It is exactly about money, and the 'breakdown of attorney-client relationship' is merely a smokescreen in an attempt to establish a cause for withdrawal." Letter, Mr. and Mrs. Schley, Apr. 23, 2012.

Hirschler Fleischer's motion to withdraw relies on Local Bankruptcy Rule 2090-1(G) and Rule 1.16 of the Virginia Rules of Professional Conduct. Both Local Rule 2090-1(G) and Rule 1.16 of the Virginia Rules of Professional Conduct provide that counsel in a case may not withdraw from representation except for cause and on order of the court after reasonable notice. Virginia Professional Conduct Rule 1.16 is more detailed as to reasons a counsel may withdraw, including a failure of the client "substantially to fulfill an obligation to the lawyer . . . ." Rule 1.16(b)(4). However, the Virginia Professional Conduct Rules have a special provision for withdrawal by an attorney when the attorney is representing the client in a court proceeding:

> In any court proceeding, counsel of record shall not withdraw except by leave of court after compliance with notice requirements pursuant to applicable Rules of Court. In any other matter, a lawyer shall continue representation notwithstanding good cause for terminating the representation, when ordered to do so by a tribunal.

Rule 1.16(c).

There is no doubt that a large part of the difficulty here derives from the fact that debtors have been financially unable to keep current on the significant fees charged by their counsel during the course of this difficult case. In her letter to the court, Ms. de la Cruz states that her firm's unpaid legal fees from April 1, 2011, through February 2012 are approximately $52,000; she further estimates that an additional sum of at least $25,000 will be incurred in the future in connection with the sale of debtors' real property and the preparation of a chapter 11 plan.

According to debtors' February 2012 operating report, they held an estimated $34,000 in funds. Counsel asserts that Hirschler Fleischer's continued representation of debtors will place an unreasonable financial burden on the firm and constitutes cause for their withdrawal pursuant to Rule 1.16(b)(4) and (5) of the Virginia Rules of Professional Conduct.

In her letter, Ms. de la Cruz cites several instances that she claims illustrate a break-down of the relationship between the parties. In their lengthy reply, the debtors attempt a point by point rebuttal to the assertions of Ms. de la Cruz. They recognize the difficulty of their case and state that while they have had differences with their counsel they express satisfaction with Ms. de la Cruz's representation. According to their letter, debtors have paid legal fees in connection with the case of $202,000, including at least $182,000 to Hirschler Fleischer.[3]

The debtors' chapter 11 case is complex, involving multiple secured creditors. Whether to allow Hirschler Fleischer out of its representation of the debtors at this critical juncture presents the court with a difficult decision as it is unlikely that the debtors will be able to immediately retain new counsel, not only due to their inability to pay but also because of the imminent deadlines to which they are subject in their bankruptcy case.

Courts in the Fourth Circuit generally allow legal counsel to withdraw where

---

[3] It is not clear from the Schleys' letter whether the entire sum of $202,000 was paid to Hirschler Fleischer. The case docket reveals that the court entered orders approving compensation applied for by the firm in the total amount of $250,461.

4

there is a breakdown in the attorney-client relationship. This may include the client's failure to pay legal fees where the failure to pay would impose an unreasonable financial burden on the attorney. On the other hand, "the nonpayment of fees is usually not a sufficient basis, standing alone, to override the attorney's ethical responsibilities of continued representation of a client . . . ." *Reynolds v. Reliable Transmissions, Inc.*, No. 3:09CV238, 2009 WL 3064774, at *1 (E.D. Va. Sept. 21, 2009). *See also, NGM Ins. Co. v. Secured Title & Abstract, Inc.*, No. 3:07CV536, 2008 WL 1826032 (E.D. Va. Apr. 23, 2008).

In *Portsmouth Redev. and Housing Auth. v. BMI Apartments Assocs.*, 851 F. Supp. 775 (E.D. Va. 1994), Judge Payne was confronted with a withdrawal motion by counsel whose unpaid fees were in the range of $220,000. He granted the motion based upon what he viewed as the unreasonable financial burden placed on the law firm. He further found that counsel should be allowed to withdraw "notwithstanding any prejudice to [the client] unless the court finds that withdrawal would interfere with the administration of justice." *Id.* at 786. His decision seems to have been based at least in part upon his observation "that relations between the parties have deteriorated to a point where a working relationship may not be possible." *Id.*, fn 10.

Similarly, Judge Dohnal granted a counsel's withdrawal motion where his *in camera* review of counsel's confidential submission revealed an "impasse in necessary communication and cooperation between counsel and client that precludes effective representation on a continuing basis." *NGM Ins. Co. v. Secured*

5

*Title & Abstract, Inc.*, No. 3:07CV536, 2008 WL 1826032, at *1 (E.D. Va. Apr. 23, 2008).

The ruling to be made here is within the discretion of the court. Aside from the nonpayment of fees, the circumstances in this case as revealed by Ms. de la Cruz's letter do not in the court's view describe an insurmountable breakdown of the relationship between attorney and client, nor does the letter reveal an "impasse." It is true that the relationship has not always been smooth, but that may not be uncommon in such a case as this. Hirschler Fleischer represented debtors in what appears to have been a favorable mediation settlement, which gave debtors a reasonable opportunity to reorganize their financial affairs. The debtors must sell their real property by May 30, 2012, or face relief from stay. Although, to the court's knowledge, there is no imminent sale in process, I find it would severely prejudice debtors and interfere with the administration of justice to release their counsel at this stage of the case.

Hirscher Fleischer has ably represented debtors in the case and thus far has received upwards of $200,000 in legal fees. I find that requiring the firm to remain in the case for an additional brief period will not impose a financial burden more severe than the prejudice to debtors if the motion to withdraw is granted.

Accordingly, counsel's withdrawal motion will be denied at least until after debtors' real property is sold or stay relief becomes effective. However, the court does not intend to require Hirschler Fleischer to remain in the case indefinitely or for that matter to prepare a plan of reorganization. The motion is being denied

6

because of looming deadlines that do not allow debtors sufficient time to retain other counsel.

For the reasons stated,

**IT IS ORDERED** that the motion of Hirschler Fleischer to withdraw as counsel to the debtors is **DENIED** without prejudice to refiling subject to the time constraints suggested by this opinion.

SIGNED: May 9 , 2012

                                        /s/ Douglas O. Tice Jr.
                                        DOUGLAS O. TICE JR.
                                        CHIEF JUDGE
                                        UNITED STATES BANKRUPTCY COURT

Copies to:

David K. Spiro
Sheila G. de la Cruz
Hirschler Fleischer, P.C.
P.O. Box 500
Richmond, Virginia 23218-0500
*Counsel for Debtors-In-Possession*

Donald B. Schley
Carol A. Schley
8920 Olde Meadow Way
Spotsylvania, Virginia 22551-4568
*Debtors-In-Possession*

Robert B. Van Arsdale
Office of the United States Trustee
701 E. Broad Street, Suite 4304
Richmond, Virginia 23219
*Assistant United States Trustee*

Benjamin C. Ackerly

Hunton & Williams LLP
951 E. Byrd Street
Richmond, Virginia 23219
*Counsel for J.D.S. LLC*

William A. Gray
Sands, Anderson, Marks & Miller, P.C.
P.O. Box 1998
Richmond, Virginia 23218
*Counsel for W.J. Vakos Investment Fund LLC*

Stan Huie
*Belle Meade Investments L.C.*
5 Belle Meade Court
Fredericksburg, Virginia 22407